**SIGNED THIS: August 11, 2009**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TIMOTHY ROBERT SPENCE, ) | Bankruptcy Case No. 08-92110 |
| ) | |
| Debtor. ) | |
| | |
| CHARLES BUCHANAN and ) | |
| PATRICIA BUCHANAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Adversary Case No. 09-9013 |
| ) | |
| TIMOTHY ROBERT SPENCE, ) | |
| Individually, and d/b/a ) | |
| SPENCE CONSTRUCTIONS, ) | |
| ) | |
| Defendant. ) | |

OPINION

This matter having come before the Court on a Motion to Dismiss filed by the Debtor/Defendant and Response to Defendant's Motion to Dismiss filed by the Plaintiffs; the Court, having heard arguments of counsel and having reviewed written memoranda of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

Prior to the Debtor filing for Chapter 7 relief, the Plaintiffs herein filed suit in the Circuit Court of Champaign County, Illinois, on June 28, 2006, seeking relief against the Debtor/Defendant on the basis of breach of construction contract and for violation of the Illinois Home Repair and Remodeling Act. Following discovery in the State Court, the case proceeded to a bench trial. After a two day trial, the Court rendered a verdict in favor of the Plaintiffs and against the Debtor/Defendant in the amount of $20,594.59, plus costs. The State Court also entered judgment in favor of the Plaintiffs and against the Debtor/Defendant on Count II of the Plaintiff's State Court complaint pursuant to the Illinois Home Repair and Remodeling Act, finding that the Debtor/Defendant was liable to the Plaintiffs for attorney fees and costs to be determined by the State Court at a later date.

Following entry of the State Court judgment against him, the Debtor/Defendant filed for relief under Chapter 7 of the Bankruptcy Code on December 8, 2008. The Debtor/Defendant scheduled the Plaintiffs as unsecured creditors on Schedule F of his Bankruptcy Petition.

In response to the filing for Chapter 7 relief of the Debtor/Defendant, the Plaintiffs, Charles Buchanan and Patricia Buchanan, filed the instant adversary proceeding on March 13, 2009, seeking to have their debt with the Debtor/Defendant determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Debtor/Defendant responded to the adversary filing with a Motion to Dismiss arguing that the State Court judgment barred the refiling of the instant adversary proceeding under the Doctrine of Res Judicata. The parties have briefed the issue before the Court, and the Court finds that the matter is now ripe for its decision.

Conclusions of Law

The United States Supreme Court in the case of Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205 (1979), made it clear that res judicata does not prevent a Bankruptcy Court from going behind a State Court judgment to determine whether a debt is non-dischargeable. In Brown, the

Supreme Court reasoned that Congress intended the Bankruptcy Court alone to resolve dischargeability issues and that, by limiting the application of res judicata, the Bankruptcy Court would be able to weigh all evidence and accurately determine whether a debtor did commit deceit, fraud, or malicious conversion.  Brown, supra, at 442 U.S. 138.  The decision in Brown was recognized and followed by the Seventh Circuit Court of Appeals in Klingman v. Levinson, 877 F.2d 1357 (7th Cir. 1989).

Given the inapplicability of the Doctrine of Res Judicata in Section 523 non-dischargeability proceedings, this Court must rule in favor of the Plaintiffs and find that the Motion to Dismiss should be denied.

###